NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 13 2024**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALICE FENSKE,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant-Appellee.

No.    23-35335

D.C. No. 3:22-cv-05590-JRC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted September 10, 2024**
Seattle, Washington

Before:  GRABER and SUNG, Circuit Judges, and RAKOFF,*** District Judge.

Appellant Alice Fenske, as substitute party for her deceased husband,

Claimant Andre M. Fenske, appeals the judgment affirming the Administrative

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Law Judge's ("ALJ") denial of Social Security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. We review the district court's decision de novo. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008). We may set aside the denial of benefits only if the ALJ's decision "contains legal error or is not supported by substantial evidence." Id. (quoting Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007)). We affirm.

1. The ALJ did not err in giving little or limited weight to the opinion of Claimant's physician, Dr. Amy Ford, in relation to Claimant's (1) difficulty with concentration, (2) need to lie down to rest as a result of regular headaches, and (3) inability to adapt to new environmental conditions. An ALJ may discount the contradicted opinion of an examining physician by providing "specific and legitimate reasons that are supported by substantial evidence."[1] Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). "A conflict between a treating [or examining] physician's medical opinion and [her] own notes is a clear and convincing reason for not relying on the doctor's opinion, and therefore is also a specific and legitimate reason for rejecting it." Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation and internal quotation marks omitted). An ALJ also may

---

[1] Revisions to the regulations altered the standards for evaluation of medical opinion evidence for claims filed on or after March 27, 2017. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Because Claimant filed his claim before March 27, 2017, Dr. Ford's opinion is evaluated under the prior regulations.

discount a physician's opinion when it is inconsistent with the medical record. See Tommasetti, 533 F.3d at 1041 (noting that an inconsistency between a physician's opinion and the medical record constitutes a specific and legitimate reason to discount the opinion).

First, the ALJ permissibly determined that Dr. Ford's evaluation findings and notes conflicted with various portions of her opinion. Dr. Ford's notes stated that Claimant's "ability to concentrate and maintain a good attention span [was] fair," and that "[h]e was able to respond to simple and complex instructions and understand what was required." That determination conflicted with Dr. Ford's later assertions. Second, Dr. Ford's opinion was inconsistent with the medical record. Claimant received medication and other treatments that significantly improved his headaches. Third, Dr. Ford's opinion that Claimant "would not adapt to new environmental conditions" is undermined by the record. That portion of Dr. Ford's opinion is inconsistent with her June 2018 evaluation of Claimant and her note that he required only "[m]oderate" restrictions when it came to "[r]espond[ing] appropriately to usual work situations and to changes in a routine work setting."

2. The district court did not abuse its discretion in applying the law of the case doctrine following the ALJ's compliance with the district court's and the Appeals Council's remand orders. See Stacy v. Colvin, 825 F.3d 563, 567 (9th

3

Cir. 2016) (stating that the doctrine "prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case"); see also id. (stating that the district court's application of the doctrine is reviewed for abuse of discretion). The court properly relied on its earlier decision, ruling that the ALJ permissibly discounted Claimant's subjective symptom testimony. In his 2022 decision, the ALJ merely reiterated, verbatim, his earlier findings as to the subjective symptom testimony. The district court noted that the evidence relied on by the ALJ remained the same from 2019 to 2022. See id. (explaining that the doctrine is inapplicable only "when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust").[2]

Even if the law of the case doctrine is inapplicable, substantial evidence supports the ALJ's decision to discount Claimant's subjective symptom testimony. An ALJ may "reject the claimant's testimony about the severity of [his] symptoms" so long as the ALJ provides "specific, clear and convincing reasons for doing so." Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017) (quoting Garrison v. Colvin, 759 F.3d 995, 1014–15 (9th Cir. 2014)).

The ALJ permissibly concluded that Claimant's testimony about his

[2] We reject Appellant's argument that the Commissioner "waived this issue" because it was properly raised with the district court; the court considered and agreed that the doctrine was applicable.

limitations was inconsistent with his daily activities. At an animal rescue nonprofit, he helped to operate, "feed/clean up after[,] and take care of" the animals. Claimant also engaged in other activities including, but not limited to: traveling to Seattle, traveling to Wyoming to clean out storage sheds, working in his shop cutting wood, mowing grass, working out, and transporting his wife to appointments. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) (applying regulations in effect before March 27, 2017, and holding that an ALJ may discount a claimant's testimony when the claimant participates in everyday activities involving "capacities that are transferable to a work setting").

Finally, as noted earlier, Claimant received conservative medical treatment that significantly reduced his headaches and overall pain and symptoms. See Parra v. Astrue, 481 F.3d 742, 750–51 (9th Cir. 2007) (explaining that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment" (citation omitted)).

**AFFIRMED.**